In the Matter of the Claim of CARLOS MEJIA, Appellant, v CAMABO INDUSTRIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [986 NYS2d 696]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed November 21, 2012, which, among other things, denied claimant's request for a change of venue.

Claimant was injured during his employment as a bridge painter and filed a claim for workers' compensation benefits. Thereafter, on an undated form on his counsel's letterhead, he requested that hearings on his claim be conducted in the City of White Plains, Westchester County for convenience. Relying on a statement of general policy of the Chair of the Board,* and because claimant lived in Bronx County and worked in Nassau County, a Workers' Compensation Law Judge denied the request, and claimant appealed to the Workers' Compensation Board. The Board affirmed the denial of claimant's request and, finding that the matter had been continued without reasonable grounds, assessed costs of $500 against counsel for claimant pursuant to Workers' Compensation Law § 114-a (3) (ii). Claimant now appeals.

We affirm. Claimant's challenge to the validity of a statement of general policy of the Chair of the Board has not been preserved for our review by his failure to raise it before the Board and, in any event, we have recently adjudged that contention to be without merit (*Matter of Toledo v Administration for Children Servs.*, 112 AD3d 1209, 1210 [2013]). With regard to the denial of the requested venue itself, the Chair has controlling authority to designate hearing places, and claimant's

---

* The policy provides, among other things, that hearings are to be scheduled in the district where a claimant resides.

conclusory assertions have not established a valid basis for disturbing the Board's decision (*see* Workers' Compensation Law § 141; 12 NYCRR 300.7 [b]; *Matter of Toledo v Administration for Children Servs.*, 112 AD3d at 1210). Turning to counsel's challenge to the assessment of costs, we have repeatedly upheld the imposition of a penalty pursuant to Workers' Compensation Law § 114-a (3) (ii) when the record contains substantial evidence, as it does here, that a venue request was made without a reasonable basis (*see Matter of Toledo v Administration for Children Servs.*, 112 AD3d at 1210; *Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d 1197, 1198 [2013]; *Matter of Banton v New York City Dept. of Corr.*, 112 AD3d 1195, 1196-1197 [2013]). Claimant's remaining contentions, to the extent they have been preserved for our review, have been considered and found to be without merit.

Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.